IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LISA KRAMER,** | : | |
| *Plaintiff* | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **COMHAR,** | : | No. 19-1253 |
| *Defendant* | : | |

## MEMORANDUM

PRATTER, J.                                                                                                               December 23, 2019

This matter comes before the Court on Ms. Kramer's discovery motion seeking an order compelling responsive documents to (1) her Request for Production No. 13, (2) a request for an anonymous complaint related to Catherine Clark, and (3) a request for a 2013 complaint allegedly lodged against Elaine Babcock. COMHAR opposes the motion in its entirety. The Court conducted a telephone conference on the discovery dispute on December 19, 2019, and denied the motion to compel. This Order reflects and further supplements the oral ruling made at the telephone conference.

### LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) provides that parties may obtain discovery regarding any nonprivileged matter that is both relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Because the Court finds the requests disproportional to Ms. Kramer's claims, not relevant, or both, the Court will not require production at this time. The Court addresses each request in turn.

### DISCUSSION

I.        Request for Production No. 13

1

Ms. Kramer's RFP No. 13 specifically requests "all documents related to any complaint about Babcock, made by any COMHAR employee or COMHAR agent" from January 2010 to the present time, including: (a) allegations of harassment, (b) allegations of disparate treatment, (c) allegations of Ms. Babcock's use of offensive language, and (d) allegations of bullying. Ms. Kramer agrees to limit the time period to begin in 2012 when Ms. Babcock was engaged in more of the "day to day" operations at COMHAR, although she was interim CEO from 2017-2018.

COMHAR objects to this request as vague, overbroad, and burdensome. The Court agrees. Ms. Kramer does not define "complaint" and further, seeks every complaint of bullying, harassment, or even use of offensive language, which is hardly proportional or relevant to the claims at issue, without more specificity to the request for production. Further, COMHAR represents that it has complied with this production request. For these reasons, the Court denies the discovery motion as it relates to RFP No. 13.

II.  An anonymous complaint

Ms. Kramer also alleges she received an anonymous complaint against a human resources supervisor, Catherine Clark, during the course of discovery, and she demands the production of any documents related to this complaint. In support, she argues that the complaint illustrates the kind of bullying and harassment that is relevant to Ms. Kramer's claims that were permitted by Ms. Babcock as the President of the Board of Directors of COMHAR. COMHAR represents that the anonymous complaint does not relate to Ms. Kramer's claims.

The Court also denies this request. While Ms. Kramer alleges in her second amended complaint that Ms. Clark was used by Ms. Babcock as a sort of puppet, and that Ms. Clark would report complaints to Ms. Babcock, Ms. Kramer at this time has not sufficiently demonstrated that the anonymous complaint is relevant to her claims presented in this case. The Court has reviewed

the complaint. Apart from alleging that Ms. Clark is a tyrant, has fired numerous people, uses scare tactics, reports to Ms. Babcock, and in conclusory fashion has bullied an employee for reasons that do not relate to Ms. Kramer's allegations, there are no indications that the complaint can support a showing of the sex-based or disability-based discrimination, retaliation, or interference allegedly suffered by Ms. Kramer.

III.   Complaint discovered against Ms. Babcock

During a deposition, Ms. Kramer's attorney allegedly discovered a 2013 complaint asserted against Ms. Babcock that purportedly supports Ms. Kramer's argument that Ms. Babcock is hostile towards women in the workplace. Ms. Kramer seeks documents (without specifying which ones) related to this complaint. COMHAR argues that after looking into the complaint, the complaint does not relate to the claims asserted in this litigation. Again, the Court agrees. At the telephone conference, defense counsel represented that the complaint relates to allegations that Ms. Babcock made racially and ethnically derogatory comments against another individual. Further, it appears that the complaint was made by Ms. Babcock's former assistant, who complained that her work environment was highly uncomfortable. On this record alone, the Court does not find the complaint is relevant to the claims asserted by Ms. Kramer.

Consequently, for these reasons, the Court denies the motion to compel. An Order consistent with this Memorandum follows.

BY THE COURT:

/s/ Gene E.K. Pratter

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE